Judgment rendered May 3, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,877-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

GREG SALARD                                 Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 339,413

Honorable John D. Mosely, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Bruce Gerald Whittaker

GREG ALAN SALARD                     Pro Se

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
WILLIAM JACOB EDWARDS
MEKISHA SMITH CREAL
Assistant District Attorneys

* * * * *

Before PITMAN, STEPHENS, and HUNTER, JJ.

**HUNTER, J**.

The defendant, Greg Salard, was indicted for the aggravated rape of L.S. during the time period of 2004-2005, when she was under age 13, a violation of La. R.S. 14:42. After a jury trial, defendant was found guilty as charged. The trial court imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction, contending the trial court erred in denying his motion to exclude evidence of other crimes. For the following reasons, we affirm.

## FACTS

The record shows defendant and his former wife, Mary Kerr, adopted L.S. from China in 1999. The couple also adopted two other children during their marriage. The family lived in Shreveport when L.S. was six to nine years old and then moved to Bivens, Texas. When L.S. was in third grade, the family moved to Pocahontas, Arkansas. Defendant and Kerr separated in 2006 and were divorced in February 2007. Kerr moved with the children to Shreveport and defendant married Laura Salard. At some point in 2007, Stan Rogers, a child welfare investigator in Arkansas, received a tip of possible child molestation and contacted Kerr. In September 2007, Rogers interviewed L.S., who reported the sexual abuse committed by defendant beginning when she was six years old. Kerr then filed a complaint with the Shreveport Police Department ("SPD") alleging child molestation. In October 2007, Anthony Rei, an investigator with the Shreveport police, scheduled an interview of L.S. with the Gingerbread House. During the interview, L.S. stated defendant had sexually abused her with his mouth and

hands.  Rei forwarded this information to the Caddo District Attorney's sex screening division, but a warrant for defendant was not obtained at the time.

In January 2015, Detective Mike Jones of the SPD was contacted by the FBI in connection with a child pornography investigation of defendant in Alaska.  FBI agent Anthony Peterson had learned of the prior sexual abuse allegations and asked the SPD to review the 2007 Rei report for any additional information.  A second interview of L.S., who was then 17 years old, was conducted at Gingerbread House.  After the interview, Det. Jones obtained an arrest warrant for defendant.

In March 2016, defendant was indicted for the aggravated rape of L.S. occurring from 2004 to 2005 when she was younger than age 13.  In July 2017, the state filed an amended notice of intent to introduce at trial evidence of defendant's sexually assaultive behavior and his lustful disposition toward children under La. C.E. art. 412.2.  The evidence included other acts of sexual abuse of L.S. perpetrated by defendant and evidence showing defendant had possessed child pornography.  At a hearing on the state's motion to use such evidence in July 2019, FBI agent Peterson testified about the evidence used in federal court to convict defendant for receiving child pornography.  In November 2020, defendant filed a motion in limine to limit the evidence admitted under La. C.E. art. 412.2 at trial.

At a hearing on defendant's motion in March 2021, the trial court heard argument with respect to the evidence of child pornography admitted at his federal trial.  The trial court determined the child pornography evidence was admissible under Article 412.2, finding the probative value of such evidence outweighed any undue prejudicial effect.  Defendant's motion was denied.

2

After a trial, the jury unanimously found defendant guilty of aggravated rape of a child under 13 years of age. Defendant's motions for new trial and post-verdict judgment of acquittal were denied. The trial court imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. This appeal followed.

## DISCUSSION

The defendant contends the trial court erred in admitting the other crimes evidence at trial. Defendant argues the evidence of child pornography should have been excluded because its prejudicial effect substantially outweighed any probative value of such.

All relevant evidence is admissible except as otherwise provided by law. La. C.E. art. 402. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. La. C.E. art. 403. Generally, evidence of other crimes is not admissible due to the risk defendant will be convicted of the present offense simply because such evidence shows he is a bad person. La. C.E. art. 404(B).

When an accused is charged with committing acts constituting a sex offense involving a victim under 17 years of age, evidence he committed another crime or wrong involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible if relevant to the matter. La. C.E. art. 412.2. The acts which indicate a lustful disposition are not limited to those which are identical or similar in nature to the charged offense. *State v. Wright*, 11-0141 (La. 12/6/11), 79 So. 3d 309. A trial court's ruling on the admissibility of evidence under Article 412.2 will not be overturned absent a clear abuse of discretion. *State v. Friday*, 10-

3

2309 (La. App. 1 Cir. 6/17/11), 73 So. 3d 913, *writ denied*, 11-1456 (La. 4/20/12), 85 So. 3d 1258.

In this case, the state presented the testimony of Anthony Peterson, a special agent of the FBI, who testified he performed online undercover investigations of crimes against children. Agent Peterson stated he became familiar with defendant in 2014 while investigating persons accessing a peer-to-peer network known for sharing child pornography among users. Agent Peterson further stated during the investigation an IP address offered his computer a file likely containing child pornography based on the acronym PTHC ("preteen hard core") in the file name. Peterson testified a subpoena linked the IP address to defendant's residence and a search warrant was obtained for his house. Agent Peterson further testified a forensic exam of defendant's laptop seized in the search recovered a video containing child pornography.

Agent Peterson explained he also recovered the file names of videos previously downloaded to defendant's computer with terms indicating child pornography, such as PTHC 12-year-old and 11-year-old. Agent Peterson testified he found an encrypted file from the Ares file-sharing program on defendant's computer and this file showed a list of every image which had been completely downloaded to the computer. Agent Peterson stated he had prepared a document listing the names and titles of approximately 600 files containing child pornography previously downloaded to defendant's computer and then deleted. Agent Peterson explained the National Center for Missing and Exploited Children ("NCMEC") maintains a national catalogue of hash values for child pornography videos and he determined a number of such videos corresponded to hash values listed on defendant's

4

computer. Agent Peterson identified state's exhibits 6-16 containing images of child pornography corresponding to the hash values of files which had been downloaded to defendant's computer.

The record shows the evidence admitted at trial pursuant to La. C.E. art. 412.2 included other acts of sexual abuse by defendant against L.S. and child pornography images found on his computer and used to convict him in federal court. Defendant's motion in limine addressed only the child pornography evidence. There was no objection to L.S.'s testimony as to the other acts of sexual abuse perpetrated against her by defendant. The defense cross-examined the victim about discrepancies in her testimony compared to her responses in interviews conducted years before when she was a young child. Defense counsel also repeatedly questioned L.S. about intimate details of the sexual abuse. Having failed to object to L.S.'s testimony at trial, defendant has waived consideration of the admissibility of this evidence on appeal.

Defendant contends the trial court erred in admitting the child pornography evidence because the possession occurred years after the offense at issue. Contrary to defendant's argument, in *Friday, supra*, the court pointed out Article 412.2 does not include a temporal limitation on the evidence which may be admissible. The court noted Article 412.2 refers to evidence of the accused's commission of "another crime" or acts indicating a lustful disposition toward children. Consequently, the plain language of Article 412.2 permits the admission of evidence concerning subsequent acts.

Regarding the issue of whether the probative value of the evidence was outweighed by the risk of undue prejudice, defendant has not shown the jury was subjected to excessive pornography evidence, which in this case

included eleven exhibits containing a still photo and video clip. The FBI agent's testimony concerning the child pornography possessed by defendant is no more disturbing than the victim's testimony describing defendant's sexual abuse of her when she was six years old. This record supports a finding the child pornography evidence was highly probative in establishing defendant's lustful disposition toward children.

In addition, the trial court specifically instructed the jury it may not find defendant guilty of the present offense merely because he may have committed another offense. The record shows the trial court acted within its discretion in admitting the child pornography evidence at trial. Thus, the trial court correctly denied defendant's motion to exclude the evidence of other crimes.

Even if we were to assume for the purpose of argument the trial court erred in admitting such other crimes evidence, we note the introduction of inadmissible other crimes evidence results in a trial error subject to harmless error analysis on appeal. *State v. Floyd*, 51,869 (La. App. 2 Cir. 6/27/18), 250 So. 3d 1165, *writ denied*, 18-1292 (La. 2/25/19), 266 So. 3d 288. The harmless error analysis requires the reviewing court to determine if the verdict actually rendered was unattributable to the erroneous admission of the evidence. *State v. Kurz*, 51,781 (La. App. 2 Cir. 2/28/18), 245 So. 3d 1219, *writ denied*, 18-0512 (La. 11/18/19), 262 So. 3d 285. A sexual abuse victim's testimony alone is sufficient support for the requisite factual conclusion. *State v. Elkins*, 48,972 (La. App. 2 Cir. 4/9/14), 138 So. 3d 769, *writ denied*, 14-0992 (La. 12/8/14), 153 So. 3d 438. As charged in this case, aggravated rape occurs when the oral sexual intercourse is without lawful consent because the victim is under 13 years of age. La. R.S. 14:42(A)(6).

6

In the present case, Jennifer Flippo testified she was a child counselor at the Gingerbread House in 2007 and interviewed L.S., who was 9 years old at the time. Flippo stated L.S. told her the defendant sexually abused L.S. when the child was 6 years old. Flippo testified in her experience, children may have a delay in reporting the sexual abuse and may deny other acts of abuse occurred when first asked based on a child's tendency to initially tell only part of what happened.

L.S. testified she was the adopted daughter of defendant. L.S. recalled an incident of sexual abuse committed by defendant when she was 6 years old and living in Shreveport. L.S. stated she did not tell her mother at the time because she did not want to think about the incident.

L.S. testified defendant committed other acts of sexual abuse after the family moved to Texas and Arkansas. L.S. testified defendant also sexually molested her during several visits to his house in Arkansas where he was living after her parents separated. L.S. further testified she first reported defendant's abuse to Stan Rogers in Arkansas because she finally felt comfortable at the time to tell somebody what had been happening to her.

The jury viewed the 2007 Gingerbread House interview and heard L.S. testify about the acts of sexual abuse committed by defendant. Based on the testimony of L.S., the jury could reasonably conclude the elements of aggravated rape were proved beyond a reasonable doubt. Thus, the guilty verdict was based on the jury finding L.S. to be credible and was not attributable to an erroneous admission of other crimes evidence.

The evidence contained in this record supports the conviction of defendant for aggravated rape of a child. Thus, the assignment of error lacks merit.

7

**CONCLUSION**

For the foregoing reasons, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**